## Attorneys as Real Estate Brokers

BARCO, Deputy Attorney General, June 17, 1940.—We have before us your request for an opinion as to whether an attorney at law is permitted to act as agent or representative of a corporation whose chief business is the sale or transfer of real estate, without being licensed under the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended by the Act of July 2, 1937, P. L. 2811, 63 PS §432, et seq. Your request also states that it has been the policy of your department in relation to attorneys that they, as exempted individuals, cannot use the right granted to them to qualify for practice as licensed persons for a corporation.

Section 2(c) of this act, as amended, states:

"Neither of the said terms 'real estate broker' or 'real estate salesman' shall be held to include within the meaning of this act . . . in any way, attorneys at law . . .".

Under date of January 2, 1930, Dr. John A. H. Keith, Superintendent of Public Instruction, was advised by William A. Schnader, then Special Deputy Attorney General, by formal opinion that:

". . . all of the acts specified in section 2(a) [of the Real Estate Brokers License Act, supra] may be lawfully performed by real estate brokers, by attorneys . . . or by any other person specifically mentioned in section 2(c)": Real Estate Brokers' Licenses, 13 D. & C. 439, 441 (1930).

Your inquiry is contained in the following question:

Does the exemption in this statute in relation to an attorney at law prohibit a corporation, whose chief business is the sale of real estate and which must necessarily act through its agents, from employing an attorney at law to handle its real estate business, or must it employ a licensed real estate broker?

"The practice of law *is not limited to the conduct of cases or litigation in court; it embraces the preparation of pleadings and other papers incident to actions and special proceedings,* the management of such actions and proceedings on behalf of clients before judges and courts, and, *in addition, conveyancing*": 5 Am. Jur. pp. 262, 263. (Italics supplied.)

In 7 C. J. S. 703, the practice of law is defined in section 3 (*g*) :

"The general meaning of the term, 'practice law' or 'practice of law,' is of common knowledge, although the boundaries of its definition may be indefinite as to some transactions. As generally understood, it is the doing or performing of services in a court of justice, in any matter depending therein, throughout its various stages, and in conformity with the adopted rules of procedure; *but it is not confined to performing services in an action or proceeding pending in courts of justice,* and, in a larger sense, *it includes legal advice and counsel, and the preparation of legal instruments and contracts* by which legal rights are secured, although such matter may or may not be depending in a court." (Italics supplied.)

In Commonwealth v. Branthoover, 24 Pa. C. C. 353 (1900), the court said:

"An attorney-at-law is an officer in a court of justice whose profession and business it is to prepare and try cases in the courts and to give advice and counsel on legal matters to those employing him. It is not a business like the grocery business or like the drug business or *any other business that you may think of,* for the reason that in

order that a person may lawfully conduct such business he must have had admission to the bar." (Italics supplied.)

An attorney may specialize in real estate should he see fit to do so. It follows, therefore, that the qualifications of a lawyer, because of his legal training, are generally much higher than those of a licensed real estate broker or salesman. Consequently, should a corporation choose to employ an attorney, it would be generally equipping itself with a highly trained and technical man. The intent of the legislature, by exempting attorneys at law from the purview of the act, cannot be interpreted to mean that they shall not be qualified to act, but rather that their education, training, and qualifications are such that there is no necessity for their being included in the act.

In the case of Young v. Department of Public Instruction, 105 Pa. Superior Ct. 153 (1932), at page 159, the court said:

"In view of the purpose of, and the necessity for, the Act of 1929, our opinion is that the classification made by it is founded on real and substantial distinctions. Attorneys-at-law are not in the class at which the statute was aimed, because *they had not been the source of the mischief sought to be remedied.* Real estate transactions have been carried on by members of the bar for years as a part of their professional duties performed for their clients and they are responsible to the court for their fidelity to their clients in such circumstances. They are admitted to the bar only after they have established that they possess good moral character and have established their qualifications to practice law. The distinction between real estate brokers and lawyers is well recognized and was sufficient reason for exempting the former from the provisions of the act." (Italics supplied.)

It is our opinion, and you are therefore advised, that an attorney at law may be employed to act as agent of a corporation, whose chief business is the sale of real es-

tate, without being licensed under the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended by the Act of July 2, 1937, P. L. 2811.